# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAMONTE A. EALY,

      Plaintiff,

  -vs-            Case No. 14-CV-943

WISCONSIN DEPARTMENT OF CORRECTIONS,
SHAYLA FENCEROY, DIANN BINK,
JOHN DOES, and JANE DOES,

      Defendants.

## SCREENING ORDER

  The plaintiff, who is confined at the Milwaukee County Jail, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $13.19.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  A claim is legally frivolous when it lacks an arguable basis either in law or in

fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on May 26, 2012, he was involved in a car accident. He was then taken to the hospital where he was arrested for sexual assault, but the charges were dropped. The plaintiff's parole agent had him incarcerated at the Milwaukee Secure Detention Facility (MSDF) pending an investigation. His extended supervision was revoked, and the plaintiff was sentenced to serve nine months at MSDF for violating community

3

supervision rules. The plaintiff alleges that the administrative law judge revoked his extended supervision based on false allegations and without proof, and as a result the plaintiff had to serve nine months in MSDF. He was not given an alternative to revocation despite lack of evidence to revoke and positive conduct. The plaintiff seeks compensatory damages.

Claims challenging the fact or duration of state confinement are not cognizable under § 1983. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). This is true whether a claimant seeks an injunction, *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973), or seeks damages, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and regardless of the nature of that confinement, "whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment, or disciplinary punishment for the violation of a prison's rules." *Antonelli v. Foster*, 104 F.3d 899, 900-01 (7th Cir. 1997); *see also Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (finding that *Heck* bars a § 1983 suit that would necessarily imply the invalidity of a parole revocation). However, a claimant is not barred from bringing a § 1983 suit that challenges official misconduct unrelated to legal process, including detention in the absence of any legal process. *Antonelli*, 104 F.3d at 901 (stating that *Heck* would not bar a claim of "an unconstitutional arrest without a warrant, the gratuitous beating of the arrested person, his confinement in the Black Hole of Calcutta whether pre- or postconviction, and so forth").

The plaintiff challenges the validity of his extended supervision revocation. As such, his § 1983 claim is barred by *Heck* and this case will be dismissed without prejudice.

4

*See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from the plaintiff's prison trust account the $331.81 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2014.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**